IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 97-41459
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

STEVEN LYNN CHOATE,

Defendant-Appellant.

- - - - - - - - - -
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:97-CR-39-ALL
- - - - - - - - - -
September 18, 1998

Before WISDOM, JONES, and EMILIO M. GARZA, Circuit Judges

PER CURIAM:[*]

Steven Lynn Choate appeals his conditional-guilty-plea
conviction for possession with intent to distribute cocaine,
marijuana, and Lysergic Acid Diethylamide. Choate challenges the
district court's denial of his motion to suppress evidence
obtained as a result of a search of his residence. Choate argues
that the district court clearly erred by finding that exigent
circumstances not manufactured by the Government existed
supporting the warrantless entry into his home.

_____

 [*] Under 5TH CIR. R. 47.5, the court has determined that this
opinion should not be published and is not precedent except in
the limited circumstances set forth in 5TH CIR. R. 47.5.4.

The district court's determination that exigent circumstances supported the warrantless entry is not clearly erroneous. See United States v. Blount, 123 F.3d 831, 837, 839 (5th Cir. 1997) (en banc), cert. denied, 118 S. Ct. 895, 1101 (1998). The officers had probable cause to believe that Choate was dealing in cocaine and marijuana from his trailer. These substances could be destroyed quickly. The police did not act, however, until they had reason to believe that Choate was aware of the surveillance. The police officer's immediate entry into the residence was required to protect evidence from being destroyed as well as to protect the officers from harm. The court's finding that officers did not manufacture the exigency also is supported by the evidence introduced at the suppression hearing. See United States v. Rico, 51 F.3d 495, 502-03 (5th Cir. 1995).

AFFIRMED.